UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLETA DZIKOVIC, HATIXHA ZHERKA, KUJTIM ZHERKA, JOHN O'NEILL, GABRIEL POTENTE, MADLIN SULEIMAN, LANA MARJI, KENNETH HESLOP, RANDA SAYEGH, CHANDRA SOOKDEO, JONI CAMPBELL, YOLANDA COLLAZO, ROBERTO RODRIGUEZ, GUILLERMO CORSO, CHEZEKIA CORSO, ARACELIS BATISTA, ALICIA CORZO, MARIO MARTINEZ, ANGEL FELIZ, Sr., ANGEL FELIZ, Jr., DOMINICK D'INTINO, ROBERT PALERMO, SAL POTENTE, JAMES CAREY, VERONIKA DZIKOVIC and DEREK ROBERTO, <br><br> Plaintiffs, <br><br> -against- <br><br> PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, LAWRENCE A. PORCARI, Jr., CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 to #20, individually, and SANITATION WORKERS #1 to #20, individually, <br><br> Defendants. | **ECF Case** <br><br> 07 Civ. 7692 (CLB) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS THE COMPLAINT
AS AND AGAINST DEFENDANT LAWRENCE A. PORCARI, JR.**

THACHER PROFFITT & WOOD LLP
*Attorneys for Defendant Porcari*
50 Main Street
White Plains, New York  10606
(914) 421-4100

**PRELIMINARY STATEMENT**

Defendant Lawrence A. Porcari, Jr. ("Porcari") by and through his attorneys, Thacher Proffitt & Wood LLP, respectfully submits this reply memorandum of law in further support of his motion to dismiss the Complaint dated August 28, 2007 (the "Complaint") as and against him pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the doctrines of absolute and qualified immunity.

Putting Plaintiffs' hyperbole aside, the claims asserted against Porcari in the Complaint are a clear attempt at sensationalism on part of Guardian News, Inc. (the "Guardian") and its owner Selim Zherka. In actuality, Porcari was acting in his capacity as a City Prosecutor by going out into the field where individuals, <u>not</u> plaintiffs in this action, were violating the Yonkers City Code (the "Code") to properly prepare for the potential initiation of Code violations proceedings.

Plaintiffs seek to paint Porcari's actions as improper, somehow rising to a constitutional violation. This should not be condoned by this Court.

Porcari has absolute immunity over the claims asserted against him in the Complaint because his alleged actions are well within the scope of his duties and functions as an attorney with the Office of the Corporation Counsel of the City of Yonkers (the "Office of the Corporation Counsel").

Alternatively, Porcari is entitled to qualified immunity because Plaintiffs' rights were not clearly established at the time Porcari allegedly acted. Indeed, Porcari's alleged actions were taken only against employees and one officer of the Guardian, none of whom are plaintiffs herein. Such alleged actions, therefore, would not violate the constitutional rights of Plaintiffs, alleged readers of <u>The Westchester Guardian</u> (the "Newspaper").

Accordingly, the motion to dismiss the Complaint as and against Porcari should be granted.

## ARGUMENT

## POINT I

## PORCARI IS ENTITLED TO ABSOLUTE IMMUNITY

Plaintiffs incredulously assert that absolute immunity has absolutely nothing to do with this lawsuit.  By naming Porcari in the lawsuit, Plaintiffs themselves made absolute immunity an issue in this lawsuit.

It is well settled that a prosecutor who faces a § 1983 suit in his individual capacity may claim absolute prosecutorial immunity where the conduct in question was "intimately associated with the judicial phase of the criminal process."[1]  Ying Jing Gan v. City of New York, 996 F.2d 522, 530  (2d Cir. 1993), quoting Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); see also Pinaud v. County of Suffolk, 52 F.3d 1139 (2d Cir. 1995).  Determining whether a prosecutor enjoys absolute immunity "depends principally on the nature of the function performed, not on the office itself."  Ying Jing Gan, 996 F.2d at 530; see also Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502 (1997) (reaffirming the functional approach).

As set forth in Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994), the allegation that Porcari pretended to be a sworn member of the Police Department is immaterial to the analysis of absolute immunity.  The Dory Court held:

> [A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate.  This would even include, for purposes of this case, allegedly conspiring to present false evidence at a criminal trial.  The fact that

---

[1] The Corporation Counsel and his staff, including Porcari, prosecute violations of the Code.  See Declaration of Andrew B. Zinman dated September 26, 2007, Ex. B.

2

>such a conspiracy is certainly not something that is <u>properly</u> within the role of a prosecutor is immaterial … <u>Id</u> at 83.

Similarly, whether Porcari did or did not pretend to be a police officer is immaterial to the determination that he is absolutely immune from this lawsuit. What is relevant is that Porcari acted (by advising individuals that their conduct violated the Code) in furtherance of his role as a prosecutor of Code violations. Porcari acted in the "course of his role as an advocate for the State," and is therefore entitled to the protections of absolute immunity. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 113 S.Ct. 2606 (1993) (prosecutor entitled to qualified immunity because prosecutor was not acting as an advocate of the state).

Indeed, attorneys in the Office of the Corporation Counsel should be allowed to and encouraged to advise people that their conduct violates the Code rather than idly sit by, do nothing and allow violations of the Code to occur. "The duties of the prosecutor in his role as an advocate for the State involve actions <u>preliminary</u> to the initiation of a prosecution and actions apart from the courtroom and are nonetheless entitled to absolute immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. at 272, 113 S.Ct. at 2615, <u>quoting</u> <u>Imbler</u>, 424 U.S. 409, 96 S.Ct. 984 (internal quotations omitted) (emphasis added).

Accordingly, Porcari is entitled to absolute immunity.

## POINT II

## PORCARI IS ENTITLED TO QUALIFIED IMMUNITY

If this Court determines that Porcari is not absolutely immune from suit, then he is shielded from individual liability pursuant to the doctrine of qualified immunity.

"Qualified immunity protects government officials from civil liability when performing discretionary duties insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006). Put another way, a government official has qualified immunity for actions that were "objectively reasonable." Day v. Morgenthau, 909 F.2d 75, 78 (2d Cir. 1990).

In their opposition papers, Plaintiffs misapply the standard regarding qualified immunity. The issue for the purpose of this motion is not whether the Plaintiffs, allegedly readers of the Newspaper, have a First Amendment Right to receive and read the Newspaper. Rather, the issue here is whether Plaintiffs' constitutional rights were clearly established at the time Porcari allegedly acted and whether Porcari reasonably should have known that his actions violated these rights.

A constitutional right is clearly established for purposes of qualified immunity, if at the time of the alleged violation, the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987).

In the instant matter, not only were Porcari's actions reasonable (warning individuals that their conduct violated the Code), Porcari did not even know that the Plaintiffs existed, let alone know their identity. How then, at the time Porcari advised employees of the Guardian that they

4

were violating provisions of the Code, could the Plaintiffs' constitutional rights be clearly established? They could not be. Therefore, at the time Porcari allegedly acted, it was not unreasonable for him to not have known that Plaintiffs' constitutional rights were potentially being violated.

At the time that Porcari allegedly acted, Plaintiffs' (alleged readers of the Newspaper) constitutional rights were not clearly established for Porcari to have reasonably known that he was violating said rights. As a result, Porcari is entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above and in the original moving papers, it is respectfully requested that the Court grant Porcari's motion in its entirety and such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
October 22, 2007

> THACHER PROFFITT & WOOD LLP
> *Attorneys for Defendants*
>
> By:   s/Kevin J. Plunkett
> Kevin J. Plunkett
> Darius P. Chafizadeh
> 50 Main Street
> White Plains, New York 10606
> (914) 421-4100