UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIOLETA DZIKOVIC, HATIXHA ZHERKA, KUJTIM ZHERKA, JOHN O'NEILL, GABRIEL POTENTE, MADLIN SULEIMAN, LANA MARJI, KENNETH HESLOP, RANDA SAYEGH, CHANDRA SOOKDEO, JONI CAMPBELL, YOLANDA COLLAZO, ROBERTO RODRIGUEZ, GUILLERMO CORSO, CHEZEKIA CORSO, ARACELIS BATISTA, ALICIA CORZO, MARIO MARTINEZ, ANGEL FELIZ, Sr., ANGEL FELIZ, Jr., DOMINICK D'INTINO, ROBERT PALERMO, SAL POTENTE, JAMES CAREY, VERONIKA DZIKOVIC and DEREK ROBERTO,<br><br>Plaintiffs,<br><br>-against-<br><br>PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, LAWRENCE A. PORCARI, Jr., CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 to #20, individually, and SANITATION WORKERS #1 to #20, individually,<br><br>Defendants. | ECF Case<br><br>07 Civ. 7692<br><br>**ANSWER/AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant Lawrence A. Porcari, Jr. (the "Defendant") by and through his attorneys, Thacher Proffitt & Wood LLP, answers the complaint of Plaintiffs (the "Complaint") as follows:

## NATURE OF THE ACTION

1.  Denies the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendant. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

## JURISDICTION

2.  The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendant respectfully refers the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

## THE PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Admits the allegations set forth in paragraph 4 of the Complaint.

5. Admits the allegations set forth in paragraph 5 of the Complaint.

6. Admits the allegations set forth in paragraph 6 of the Complaint.

7. Admits the allegations set forth in paragraph 7 of the Complaint.

8. Admits the allegations set forth in paragraph 8 of the Complaint.

9. Admits the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 (second paragraph 9) of the Complaint.

## THE FACTS

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

15. Denies the allegations set forth in paragraph 14 of the Complaint.

16. Denies the allegations set forth in paragraph 15 of the Complaint.

17. Denies the allegations set forth in paragraph 16 of the Complaint.

18. Denies the allegations set forth in paragraph 17 of the Complaint.

19. Denies the allegations set forth in paragraph 18 of the Complaint.

20. Denies the allegations set forth in paragraph 19 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

## **AS AND FOR A FIRST CLAIM**

23. In response to the allegations contained in paragraph 23 Defendant repeats and realleges his responses set forth in paragraphs 1-22 of as if fully incorporated herein.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

25. The Complaint fails to state a claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**

26. The Defendant is entitled to qualified and/or absolute immunity.

## **THIRD AFFIRMATIVE DEFENSE**

27. Plaintiffs lack capacity and or standing to sue.

## **FOURTH AFFIRMATIVE DEFENSE**

28. The Court lacks personal and/or subject matter jurisdiction.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order

(i) dismissing the Complaint in its entirety;

(ii) awarding the Defendant attorneys' fees and costs; and

(iii) granting Defendant any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       November 15, 2007

                                THACHER PROFFITT & WOOD LLP

                                By: _____
                                    Kevin J. Plunkett
                                    Darius P. Chafizadeh
                                    *Attorneys for Defendant*
                                    *Lawrence A. Porcari*
                                    50 Main Street
                                    White Plains, NY 10606
                                    914-421-4100

TO:    Lovett & Gould, LLP
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401